UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeremy D. Orchin, Trustee of the Eugene C. Gadaire Insurance Trust )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Great-West Life & Annuity Insurance Company )<br>)<br>Defendant )<br>_____) | Case No. 1:12-cv-1743-BAH |
| Elizabeth Gadaire )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Jeremy D. Orchin, et al. )<br>)<br>Defendants, et al )<br>_____) | Case No. 1:13-cv-00055<br>(consolidated with above) |

### DEFENDANT GREAT-WEST LIFE & ANNUITY COMPANY'S ANSWER TO PLAINTIFF ELIZABETH GADAIRE'S AMENDED COMPLAINT

Defendant Great-West Life & Annuity Insurance Company, ("Great-West"), by and through undersigned counsel, in answer to the Amended Complaint (Ecf. 21) filed by Plaintiff Elizabeth Gadaire states as follows:

### I. SPECIFIC ADMISSIONS/DENIALS

1. Great-West admits the allegations contained in paragraph 1.

2. Great-West admits the allegations contained in paragraph 2.

3. Great-West admits the allegations contained in paragraph 3.

4. Great-West admits the allegations contained in paragraph 4.

5. Great-West admits the allegations contained in paragraph 5.

6. Great-West admits the allegations contained in paragraph 6 and avers that Dr. Gadaire purchased an insurance certificate under a group life insurance plan.

7. Great-West admits the allegations contained in paragraph 7.

8. Great-West admits the historical fact allegations contained in paragraph 8 but denies that a death benefit under the life insurance certificate was in place at the time of Dr. Gadaire's death.

9. Great-West admits the allegations contained in paragraph 9.

10. In response to paragraph 10, Great-West admits that Dr. Gadaire transferred ownership of his life insurance to Trustee Orchin and named the Trustee as the beneficiary. Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the remaining allegations contained in this paragraph and on that basis denies those allegations.

11. In response to paragraph 11, Great-West avers that the terms of the document referenced therein, to the extent they are valid, speak for themselves.

12. In response to paragraph 12, Great-West avers that the terms of the document referenced therein, to the extent they are valid, speak for themselves.

13. In response to paragraph 13, Great-West avers that the terms of the document referenced therein, to the extent they are valid, speak for themselves.

14. In response to paragraph 14, Great-West avers that the terms of the document referenced therein, to the extent they are valid, speak for themselves.

15. In response to paragraph 15, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegation regarding the sole beneficiary of the Trust and denies the allegation on that basis, and further denies applicability of third-party beneficiary legal principles claimed in this paragraph.

16. Great-West admits the allegations contained in paragraph 16.

17. In response to paragraph 17, Great-West admits it sent premium due notices to the Trustee as alleged but denies the notices were sent to conform to a Trust document.

18. In response to paragraph 18, Great-West admits the Trustee informed Great-West of a move in 2010, after the July 2009 premium had gone unpaid.  Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the remaining allegations contained in this paragraph and on that basis denies those allegations.

19. Great-West admits the allegations contained in paragraph 19 to the extent actions by Great-West are alleged.

20. In response to paragraph 20, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations concerning who received premium notices but avers that a notice was sent to the last known address provided by the Trustee/owner.

21. In response to paragraph 21, Great-West admits the Trustee failed to make a premium payment as alleged which was for the regular period commencing July 1, 2009 and denies the remaining allegations contained in this paragraph.

22. Great-West admits the allegations contained in paragraph 22 to the extent actions by Great-West are alleged.

23. In response to paragraph 23, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations concerning who received a lapse notice but avers that a lapse notice was sent to the last known address provided by the Trustee/owner.

24. In response to paragraph 24, Great-West admits that the policy terminated retroactive to the first date of unpaid premium which was July 1, 2009, denies that it canceled the policy which terminated by its own terms because premiums owed remained unpaid, and denies the remaining allegations because the terms of the insurance certificate and the notices sent by Great-West clarified and provided notice of the contractual consequences of unpaid premiums.

25. Great-West admits the allegations contained in paragraph 25.

26. In response to paragraph 26, Great-West admits it was contacted by the Trustee on January 18, 2010 and admits Trustee was aware of and reminded of the termination for non-payment. All remaining allegations contained in this paragraph are denied.

27. Great-West admits the allegations contained in paragraph 27.

28. Great-West admits the allegations contained in paragraph 28.

29. Great-West admits that none of its representatives ever specifically inquired whether Dr. Gadaire was alive or deceased as of January 18, 2010 on January 18, 2010. However, Great-West avers that its representatives reasonably relied on the false and material statements, concealments, or omissions of Dr. Orchin which indicated that Dr. Gadaire was alive.

30. Great-West denies the allegations contained in paragraph 30.

31. Great-West denies the allegations contained in paragraph 31.

32. Great-West admits the allegations contained in paragraph 32.

33. Great-West admits the allegations contained in paragraph 33. However, Great-West avers that its representatives reasonably relied on the false and material statements, concealments, or omissions of Dr. Orchin which indicated that Dr. Gadaire was alive.

34. In response to paragraph 34, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations contained therein and on that basis denies the allegations.

35. Great-West admits the allegations contained in paragraph 35.

36. Great-West incorporates its responses to the paragraphs referenced in paragraph 36.

37. Great-West denies the applicability of the legal authority cited in paragraph 37.

38. Great-West admits that it does business in the District of Columbia as alleged in paragraph 38 but denies that this fact is of legal consequence in terms of the governing law.

39. Great-West admits the allegations contained in paragraph 39.

40. Great-West denies the legal conclusions asserted in paragraph 40 and any facts suggested thereby.

41. Great-West denies the applicability of the legal authority cited in paragraph 41.

42. Great-West denies the applicability of the legal authority cited in paragraph 42.

43. Great-West denies the applicability of the legal authority cited in paragraph 43 and the factual allegations and legal conclusions asserted in this paragraph.

44. Great-West admits that there is no statute under Illinois law that required any additional notice of cancellation.

45. Great-West denies the applicability of the non-Illinois legal authority cited in paragraph 45 and the factual and legal conclusions asserted in this paragraph.

46. In response to paragraph 46, Great-West admits it did not send separate notice to Dr. Gadaire of the fact that the insurance certificate had terminated by its terms due to unpaid premiums and denies the applicability of the legal authority cited in this paragraph.

47. Great-West denies the allegations contained in paragraph 47 and denies the applicability of the legal authority cited in this paragraph.

48. Great-West incorporates its responses to the paragraphs referenced in paragraph 48.

49. Great-West denies the allegations contained in paragraph 49.

50. Great-West denies the allegations contained in paragraph 50.

51. Great-West denies the allegations contained in paragraph 51.

52. Great-West denies the allegations contained in paragraph 52.

53. Great-West incorporates its responses to the paragraphs referenced in paragraph 53.

54. Great-West admits the allegations contained in paragraph 54 and avers that the terms of the insurance certificate speak for themselves.

55. Great-West denies the allegations contained in paragraph 55.

56. Great-West denies the factual allegations and legal conclusions asserted in paragraph 56.

57. Great-West incorporates its responses to the paragraphs referenced in paragraph57

58. Great-West denies the applicability of the legal authority cited in paragraph 58.

59. Great-West denies the applicability of the legal authority cited in paragraph 59.

60. Great-West denies the applicability of the legal authority cited in paragraph 60.

61. In response to paragraph 61, Great-West admits it did not send separate notice to Dr. Gadaire of the fact that the insurance certificate had terminated by its terms due to unpaid

premiums, denies the applicability of the legal authority cited and denies the legal conclusions asserted in this paragraph.

62.     Great-West admits it did not issue notice to the District of Columbia Commissioner of Insurance, denies the applicability of the legal authority cited and denies the legal conclusions asserted in paragraph 62.

63.     Great-West denies the factual allegations, applicability of the legal authority cited and legal conclusions asserted in paragraph 63.

64.     Great-West incorporates its responses to the paragraphs referenced in paragraph64.

65.     Great-West denies the allegations contained in paragraph 65.

66.     Great-West denies the allegations and contained in paragraph 66.

67.     Great-West denies the factual allegations and legal conclusions asserted in paragraph 67.

68.     Great-West denies the factual allegations and legal conclusions asserted in paragraph 68.

69.     Great-West incorporates its responses to the paragraphs referenced in paragraph69.

70.     To the extent paragraph 70 requires a response from Great-West, Great-West admits it has not breached any duties and avers that a breach, if any, is attributable to the Trustee or to Plaintiff Gadaire herself.

71.     To the extent paragraph 71 requires a response from Great-West, Great-West admits that the Trustee did not provide any change of address information to Great-West which Trustee has admitted.

72. To the extent paragraph 72 requires any response from Great-West, no legal duty alleged would apply to Great-West.

73. To the extent paragraph 73 requires any response from Great-West, no legal duty or theory alleged would apply to Great-West.

74. To the extent paragraph 74 requires any response from Great-West, the allegations contained therein are admitted.

75. To the extent paragraph 75 requires any response from Great-West, the terms of the document referenced therein, to the extent they are valid, speak for themselves and imposed no duties on Great-West.

76. To the extent paragraph 76 requires any response from Great-West, the allegations contained therein are admitted.

77. To the extent paragraph 77 requires any response from Great-West, the allegations contained therein are admitted except the time frame of non-payment is denied.

78. To the extent paragraph 78 requires any response from Great-West, the allegations contained therein are admitted.

79. To the extent paragraph 79 requires any response from Great-West, the allegations contained therein are admitted.

80. To the extent paragraph 80 requires any response from Great-West, the allegations contained therein are admitted.

81. To the extent paragraph 81 requires any response from Great-West, the allegations contained therein are admitted.

82. To the extent paragraph 82 requires any response from Great-West, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations contained therein and on that basis denies the allegations.

83. To the extent paragraph 83 requires any response from Great-West, the allegations contained therein are admitted.

83.[1] Great-West incorporates its responses to the paragraphs referenced in paragraph 83.

84. To the extent paragraph 84 requires any response from Great-West, Great-West admits it did not breach any duties to any party and avers that it has no responsibility as to the rights or duties between Plaintiff Gadaire and Trustee.   85.   To the extent paragraph 85 requires any response from Great-West,   Great-West avers that the terms of the document referenced therein, to the extent they are valid, speak for themselves.

86. To the extent paragraph 86 requires any response from Great-West, Great-West avers that the terms of the document referenced therein, to the extent they are valid, speak for themselves.

87. To the extent paragraph 87 requires any response from Great-West, Great-West admits that the Trustee knew failure to pay premiums would result in termination of the life insurance certificate and Great-West avers that the terms of the document referenced therein, to the extent they are valid, speak for themselves with respect to ultimate beneficiary matters.

88. To the extent paragraph 88 requires any response from Great-West, Great-West admits that the Trustee knew premiums were owed every six months and that the insurance certificate terminated for non-payment of premiums. Great-West lacks sufficient knowledge and

---

[1] In her Amended Complaint Plaintiff identified paragraph 83 twice.

information to form a belief as to the accuracy of the remaining allegations contained in this paragraph and on that basis denies those allegations.

89. To the extent paragraph 89 requires any response from Great-West, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations contained in this paragraph and on that basis denies those allegations.

90. To the extent paragraph 90 requires any response from Great-West, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations contained in this paragraph and on that basis denies those allegations.

91. Great-West incorporates its responses to the paragraphs referenced in paragraph 91.

92. To the extent paragraph 92 requires any response from Great-West, Great-West admits that the court should find no contractual or other breach on Great-West's part. Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the remaining allegations contained in this paragraph and on that basis denies those allegations.

93. To the extent paragraph 93 requires any response from Great-West, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations contained in this paragraph and on that basis denies those allegations.

94. To the extent paragraph 94 requires any response from Great-West, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations contained in this paragraph and on that basis denies those allegations.

95. To the extent paragraph 95 requires any response from Great-West, Great-West admits that the Trustee did not make the premium payment due July 1, 2009, that he did not inform Great-West of any change of address and that the insurance certificate terminated by its

terms for non-payment of the premium. Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the remaining allegations contained in this paragraph and on that basis denies those allegations.

96. To the extent paragraph 96 requires any response from Great-West, Great-West admits that the Trustee knew failure to pay premiums would result in termination of the life insurance certificate. Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the remaining allegations contained in this paragraph and on that basis denies those allegations.

97. To the extent paragraph 97 requires any response from Great-West, Great-West admits that the insurance certificated terminated for non-payment of premium owed and that it has not paid any benefit in connection therewith. Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the remaining allegations contained in this paragraph and on that basis denies those allegations.

98. To the extent paragraph 98 requires any response from Great-West, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations contained in this paragraph and on that basis denies those allegations.

99. To the extent paragraph 99 requires any response from Great-West, Great-West lacks sufficient knowledge and information to form a belief as to the accuracy of the allegations contained in this paragraph and on that basis denies those allegations.

## II. DEFENSES

1. The Complaint fails to state a claim against Great-West upon which relief can be granted.

2. Plaintiff Gadaire's claims against Great-West and any dispute arising in connection therewith are governed by Illinois law pursuant to express Illinois choice of law language contained in the group insurance policy and individual certificate.

3. Plaintiff Gadaire's claims against Great-West are barred as a result of her failure to satisfy conditions precedent in order to recover life insurance benefits.

4. Plaintiff Gadaire's claims against Great-West are barred as a result of her failure to satisfy conditions subsequent in order to recover life insurance benefits.

5. Plaintiff Gadaire is not entitled to some or all of the relief requested in the Complaint as a result of her failure to mitigate the damages claimed in the Complaint.

6. Plaintiff Gadaire's claims against Great-West are barred in whole or in part by application of the legal principle of waiver.

7. Plaintiff Gadaire's claims against Great-West are barred in whole or in part by application of the legal principle of estoppel.

8. Plaintiff Gadaire's claims are barred in whole or in part by application of the legal principle of unclean hands.

9. Plaintiff Gadaire's alleged damages, to the extent they exist, are the result of Plaintiffs breaches of contract.

10. Plaintiff Gadaire's actions in connection with the facts and circumstances alleged in the Complaint directed to Great-West constitute a breach of the implied covenant of good faith and fair dealing applicable to her.

11. Plaintiff Gadaire lacks standing to pursue claims and allegations personal to the owner of the individual insurance certificate.

12. Plaintiff Gadaire is entitled to no relief because when the Trustee called Great-West seeking reinstatement of the lapsed insurance certificate he knew the insured had already died but fraudulently stated the insured was still alive and that he did not want the insured or others to know that the insurance had terminated for his non-payment of premium, and through these false and material statements, concealments, or omissions induced Great-West to agree to a reinstatement that it would not have agreed to if it had known the truth.

13. Plaintiff Gadaire's claims are barred to the extent she attempts to make Great-West a party to a document it was not a party to and which it had no notice of prior to the termination of the insurance certificate.

14. Plaintiff Gadaire's claims are barred by the insurance certificate which delineates Great-West's contractual duties and forecloses her attempt to make Great-West a party to the trust document or impose any alleged trust document duties upon Great-West.

15. Plaintiff Gadaire's claims for extra-contractual relief are preempted by and unavailable pursuant to Illinois law.

16. Plaintiff Gadaire's claims are barred because the Trustee made a misrepresentation of a material fact, made for the purpose of inducing Great-West to insure the late Dr. Gadaire. Plaintiff Orchin knew Dr. Gadaire was deceased and either intentionally or with reckless disregard, withheld that fact from Great-West who relied on his statements.

17. In the event Great-West is determined to have any liability to Plaintiff Gadaire, it is entitled to contribution or indemnification from the Trustee to the extent liability is predicated on the reinstatement he obtained after the insured's death by way of misrepresentation and fraud when, through his false and material statements, concealments, or omissions represented that the insured was still alive in order to induce Great-West to reinstate the certificate.

WHEREFORE, Great-West requests that judgment be entered in its favor and against Plaintiff Gadaire, and that Great-West be awarded its costs and fees as well as any other relief deemed appropriate under the circumstances.

Respectfully submitted,

/s/ Matthew J. Youssef
Craig D. Roswell, Esquire #433406
Matthew J. Youssef, Esquire #MD7910
Niles, Barton & Wilmer, LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300
(410) 783-6363 *facsimile*
mjyoussef@nilesbarton.com
*Counsel for Defendant,*
*Great-West Life & Annuity Insurance Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, a copy of the Defendant Great-West's Answer to Plaintiff Gadaire's Amended Complaint was served by the electronic filing of this pleading to all counsel entered in this matter pursuant to LCvR 5.4(d).

/s/ Matthew J. Youssef
Matthew J. Youssef, Esquire

4827-0006-7864, v. 3